IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-cr-30059 |
| ) | |
| JAMES E. BOWEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant James E. Bowen's amended Motion for Compassionate Release (d/e 40) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On December 14, 2011, Defendant pleaded guilty to one count of transportation of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2). Minute Entry, Dec. 14, 2011. On June 4, 2012, the undersigned District Judge accepted the parties' plea agreement which was

entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and sentenced Defendant to concurrent terms of 324 months' imprisonment and 240 months' imprisonment for the transportation charge and the possession charge, respectively. Minute Entry June 4, 2012.  The Court also imposed a lifetime term of supervised release.  Id.  Defendant is currently serving his sentence at FCI Elkton in Lisbon, Ohio, and has a projected release date of August 24, 2034.  Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed May 15, 2020).

On May 7, 2020, Defendant filed a pro se motion for compassionate release (d/e 37) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On May 13, 2020, Defendant filed an amended motion for compassionate release (d/e 40).  Defendant requests compassionate release due to his age and the COVID-19 pandemic as those factors relate to the conditions at FCI Elkton.  Defendant is 61 years old, but he concedes in his Amended Motion for Compassionate Release that he "does not suffer from chronic health conditions identified by the CDC as placing him at high risk" of complications due to COVID-19.  See Am. Mot. Compassionate Release 2, d/e 40.

Defendant proposes to live with his sister if he is released from custody.  The United States Probation Office addressed Defendant's request for compassionate release in a Memorandum (d/e 43). The Probation Office noted that Defendant's sister is currently attempting to gain custody of her grandchildren.  <u>Id.</u> at 2. Defendant's sister acknowledged that if she were successful in obtaining custody, Defendant would no longer be able to reside with her.  <u>Id.</u>

On May 14, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 42).  The Government argues that the Court should deny Defendant's motion for compassionate release given Defendant's criminal history and the fact that Defendant has not been diagnosed with any underlying medical condition which places him at greater risk of serious injury or death were he to contract COVID-19.  The Government also notes that the Bureau of Prisons (BOP) has implemented procedures designed to curb the spread of the virus in its facilities.

On May 15, 2020, the Court held a video conference hearing on Defendant's amended motion.  Defendant appeared by telephone from FCI Elkton.  As of May 15, 2020, BOP reports that FCI Elkton

has seventy-four confirmed inmate cases of COVID-19 and twelve confirmed staff member cases. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed May 15, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting

thirty days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a) the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers

for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.  Although Defendant is sixty-one years old, he has not been diagnosed with any underlying medical conditions that may increase the serious risks that COVID-19 presents for Defendant.  See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed May 15, 2020).

      The Court recognizes that there are many confirmed case of COVID-19 at FCI Elkton, the facility where Defendant is housed.  According to the Government, however, BOP has implemented rigorous procedures designed to mitigate the spread of the virus in its facilities.  The Government also represents that the number of confirmed cases at FCI Elkton appears to be decreasing, as inmates and staff who previously tested positive recover from the illness.  See Resp. 19-20.

      Further, Defendant has over fourteen years left on his

sentence for transportation and possession of child pornography. Defendant amassed an extremely large collection of videos and photographs depicting child pornography, totaling well over 100,000 images. Defendant was also previously convicted in three separate cases of Aggravated Sexual Assault of a Child, all of which involved children ten years of age or younger. PSR ¶¶ 42-44, d/e 30.

Finally, Defendant has not proposed an adequate release plan. Based on Probation's Memorandum, Defendant's proposed residence, were he to be released from custody, would likely be temporary at best, considering Defendant's sister's ongoing effort to obtain custody of her grandchildren.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant James E. Bowen's amended Motion for Compassionate Release (d/e 40) and Defendant's pro se Motion for Compassionate Release (d/e 37) are

DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.

ENTER:  May 15, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE